PER CURIAM.
Following remand, the trial court has again summarily denied the appellant’s claims that counsel was ineffective for failing to object to the introduction into evidence of a mock Coke can used to store drugs, and a Florida Department of Law Enforcement report stating that 185.1 grams of cocaine had been confiscated from the appellant in an unrelated Madison County case. We affirm without discussion the claim involving the Coke can. However, because the trial court failed to attach the FDLE report, or other record evidence demonstrating that the appellant was not prejudiced by its admission, we are constrained to once again reverse. See Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Goodwin v. State, 751 So.2d 537, 547 (Fla.1999) (The erroneous admission of “collateral crime evidence is presumptively harmful.”). If, as the appellant alleges, this report contains evidence of the unrelated Madison County case, which the state had been ordered not to discuss, and the report was presented to the jury, then the trial court must either attach record evidence conclusively refuting that the appellant was prejudiced or else hold a hearing on this claim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BENTON, C.J., ROBERTS and RAY, JJ., concur.